IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBRA MCMANNES
3159 BOY SCOUT LANE
STEVENS POINT, WISCONSIN 54481

      Plaintiff,

Case No.: 17-CV-758

v.

DEPARTMENT OF WORKFORCE DEVELOPMENT
201 EAST WASHINGTON AVENUE
MADISON, WISCONSIN 53703

      Defendant.

---

## COMPLAINT

---

Comes Now the plaintiff, Debra McMannes, by her attorneys, Davey & Goldman, by Lisa C. Goldman, and as her complaint alleges and shows the court as follows:

### NATURE OF THE CLAIM

Plaintiff, Debra McMannes, brings this action pursuant to The Americans with Disabilities Act (as amended) Titles I, II and V, 42 U.S.C §§ 12101-12113 (ADA) and the Rehabilitation Act of 1973 Sections 501 and 504, 29 U.S.C. SS 701-796i.  Plaintiff alleges that Defendant failed to reasonably accommodate her disability; and terminated her employment because of her disability.  The court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is proper because the acts occurred in the Western District of Wisconsin.

## PARTIES

1. Plaintiff, Debra McMannes, is an adult and resides at 3159 Boy Scout Lane, Steven Point, Wisconsin, 54481.

2. Defendant State of Wisconsin, Department of Workforce Development with an address of 201 East Washington Avenue, Madison, Wisconsin 53703 is an employer as defined by the ADA and Rehabilitation Act. The registered agent for service is Ray Allen, Secretary of the Department, at the same principal address.

## FACTS

3. Plaintiff, McMannes, began working for DWD on March 9, 1992 as an Auditor 1. She was promoted to Auditor-Development in 1993, Auditor-Journey in 1994, Auditor-Senior in 1999, the highest level Auditor in the department at that time.

4. She was then promoted to a newly created position, Auditor-Advanced on June 3, 2012.

5. Prior to the termination of her employment, she has always received high review scores. She was awarded discretionary merit compensation in 2014.

6. Her job at the time of her termination of her employment, Auditor-Advanced in the Wausau Region required her to train other auditors and conduct field audits, and review audits performed by other staff.

7. In October of 2012, while in Madison to provide auditor training, Ms. McMannes slipped in her hotel bathroom and permanently injured her back.

8. Plaintiff was diagnosed with a severe L1 compression fracture with slow healing. She has low backpain and spasms in her back, dull aching pain in the low back

and stabbing severe pain periodically throughout the day. She has a dull burning pain in the left anterior thigh and lower leg.

9. She returned to work consistently at a restriction of 12 hours per week on June 24, 2013.

10. On August 27, 2013 she increased her hours to 18 hours per week consistently.

11. On October 29, 2013 she added two (2) more hours per work, working consistently 20 hours per week.

12. On May 15, 2014 her doctor stated she needed a permanent restriction of 18 hours per week and she continued consistently to work 18 hours per week from May 2014 until her termination in 2015.

13. It was not until one year and one month after Ms. McMannes' returned to work consistently on a part-time basis that her employer, the DWD, hired an IME doctor to determine whether Ms. McMannes could return to work full-time.

14. DWD hired an IME doctor, received his report, and then balked at Ms. McMannes' 18 hour a week work restriction.

15. When DWD asserted that it wanted Ms. McMannes to work full-time given the IME doctor's recommendation it claimed it needed a full-time UI Auditor-Advanced but gave no rationale as to why the current accommodations failed to meet DWD's needs in that all of the work for that region and all of Ms. McMannes' scheduled trainings were being met.

16. On October 30, 2014, Ms. McMannes sent an email to Brenda Brewer, the Equal Opportunity Program Specialist, Sr., in human resources, and stated,

> I am currently contemplating going against doctor's advice and trying to get back to work fulltime. I am on a cancellation list with the Advanced Pain Management Clinic with a scheduled appointment for Tuesday, January 13, 2015. I do have an appointment with my GP to see if she can prescribe medication which may be beneficial for me.
>
> Are there any options for me to return gradually at least until I get in to the Pain Management Clinic? E.g. increasing hours gradually each week until I reach 40 hours per week?

(Exh. 3.)

17. DWD responded that it could not increase her hours until she obtained different advice from her doctor.

18. Defendant notified Plaintiff by letter dated February 6, 2015 that Plaintiff's employment was "being separated for medical reasons to be effective on February 8, 2015."

19. Plaintiff's employment was terminated on February 8, 2015.

20. At the time of her termination Plaintiff had been working with limited work hours, a temporary accommodation DWD had made, and the audits in the region were being performed timely. Despite her working part-time all of the necessary work in that region continued to be performed. Ms. McMannes worked with the other auditors to ensure that all of the workload was performed.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

As and her cause of action, Plaintiff alleges and shows the court:

21. Realleges the allegation set forth in paragraphs 1-20 above as if set forth in full herein.

22. Plaintiff at all times relevant to this action had a physical impairment that substantially limits one or more of her major life activities and Defendant had knowledge of Plaintiffs disability.

23. At all times material to this action Plaintiff was able to perform the essential functions of her job with reasonable accommodation.

24. Defendant unreasonably refused to accommodate Plaintiff's disability and terminated her employment because of her disability in violation of The Americans with Disabilities Act.

25. Plaintiff asserts that as a result of the alleged wrongful conduct on the part of the Defendant she has suffered wage loss, loss of opportunities and benefits, suffered emotional upset and humiliation, and has incurred legal fees and costs all of which she is entitled to recover.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE REHABILITATION ACT

As and her second cause of action, Plaintiff alleges and shows the court:

26. Realleges the allegation set forth in paragraphs 1-25 above as if set forth in full herein.

27. On information and belief, Defendant is an entity that actually receives federal financial assistance or indirectly benefits from federal aid, or that is inextricably intertwined with actual recipients.

28. Defendant unreasonably refused to accommodate Plaintiff's disability and terminated her employment because of her disability in violation of the Rehabilitation Act.

29. Plaintiff asserts that as a result of the alleged wrongful conduct on the part of the Defendant she has suffered wage loss, loss of opportunities and benefits, suffered emotional upset and humiliation, and has incurred legal fees and costs all of which she is entitled to recover.

30. Plaintiff has received a Right to Sue letter and pursuit of Plaintiff's claims is timely.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Compensatory damages including but limited to lost wages and benefits;

B. Compensatory damages for the emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life including but limited to compensation for injuries to her professional standing, injury to her character and reputation, loss of health, sleeplessness, anxiety, stress and emotional breakdown; and

C. Future damages, front pay, costs, and attorney's fees.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: September 20, 2016

                                    DAVEY & GOLDMAN
                                    Attorneys for Plaintiff Debra McMannes

                                    /s/ Lisa C. Goldman
                                    Lisa C. Goldman, SBN: 1029893
                                    Bruce M. Davey SBN: 1012256
                                    5609 Medical Circle, Suite 101
                                    Madison, WI 53719
                                    Phone: (608) 630-9700
                                    Fax: (608) 205-5645
                                    lgoldman@daveygoldman.com